JOHN T. BARBER vs. JOSEPH V. BRODERICK, Town Clerk.

MAY 20, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Town Officers.  Election of Overseer of the Poor in Town of Cumberland.
Statutes.*

By virtue of special legislation, Public Laws of 1856: "An act dividing the
town of Cumberland into districts for the purpose of voting," the overseer
of the poor of that town is required to be elected by the town council, and
not by the electors in town meeting.

MANDAMUS.  Petition denied.

BLODGETT, J.  The petitioner seeks a writ of *mandamus*
requiring the respondent as, town clerk of the town of Cumber-
land, to print the name of the petitioner, as a candidate for the
office of overseer of the poor, duly nominated therefor upon
nomination papers, upon the official ballot to be used at the
town election to be held on June 1, 1910.  The respondent
contends that, by virtue of special legislation concerning the
town of Cumberland, the overseer of the poor of that town is
required to be elected by the town council, and is not to be
elected by the electors in town meeting; and has, accordingly,
refused to comply with the request of the petitioner.

The petitioner relies generally on the provisions of section
1 of chapter 49 of Gen. Laws, of 1909, as follows:  "The
electors in each town shall annually, on their town election
days, choose and elect as many town officers as by the laws of
the state are or shall be required;  that is to say, a moderator
to preside in all the meetings of the town, and a town clerk, a
town council to consist of not less than three nor more than
seven members, a town treasurer, a town sergeant, a town
sealer of weights and measures, one or more auctioneers, such
a number of assessors of taxes, not less than three nor more
than seven, as may be deemed necessary, one or more collectors
of taxes, one or more corders of wood, one or more packers of

fish, one or more pound keepers, one sealer of leather, and as many constables, overseers of the poor, viewers of fences, gaugers of casks and all such other officers as by law are required in such town and as each or any town shall have occasion for, including persons to superintend the building of chimneys and placing of stoves and stove-pipes."

The petitioner relies specially on the provisions of Public Laws, chapter 385, passed May 13, 1896, entitled "An act fixing the days for holding town meetings in the town of Cumberland," and which is as follows:

"*It is enacted by the General Assembly as follows:*

"SECTION 1.   Section four of an act entitled 'An act dividing the town of Cumberland into districts for the purpose of voting,' passed at the May session, 1856, is amended as follows:   Strike out words 'second Monday' in the eleventh and twelfth lines of said section, and insert in lieu thereof words 'second Wednesday.'

"SEC. 2.   The annual town meeting of the electors of the town of Cumberland, for the purpose of electing town officers, members of the school committee, assessors of taxes and voting-district officers shall be held on the first Wednesday in June in each year.

"SEC. 3.   This act shall take effect immediately, and all acts and parts of acts inconsistent herewith are hereby repealed."

(1)   It is conceded that the overseer of the poor in the town of Cumberland has been continuously elected by the town council, and not by the people, since 1856, and the contention of the respondent is that the provisions of sections 1, 2, and 5 of "An act dividing the town of Cumberland into districts for the purpose of voting," passed at the May session of the General Assembly, 1856, still authorize and require the election of an overseer of the poor by the town council and not by the people.

By section one of this act it is provided that the town shall be divided into three districts for the purposes of electing certain specified officers, not including the overseer of the poor, viz.:

"SECTION 1. The town of Cumberland is hereby divided into three districts for the purpose of balloting for Representatives to Congress, Electors of President and Vice-President of the United States, Governor, Lieut. Governor, Secretary of State, Attorney General, and General Treasurer, and Town Clerk, Town Council, Justices of the Peace, Town Treasurer, and also Senators and Representatives to the General Assembly, to be designated and bounded as follows, viz.:"  . . .  Having thus specified the town officers who are to be elected by the people, the act then continues to provide for the election of all other town officers by the town council as follows: "SEC. 2. The Town Council of said town shall and may hereafter at their next meeting, after their annual election, choose and elect so many town officers as by the law of the State are or shall be required, excepting such as are directed by this act to be otherwise elected." Also, "SEC. 5.  . . .  All the officers of said town shall hereafter be elected according to the provisions of this act, and officers so elected shall have all the authority and be subject to all the duties appertaining by law to their several offices."  . . .

By the provisions of chapter 961, Public Laws, passed May 1, 1891, entitled "An act authorizing the town of Cumberland to elect assessors of taxes," the election of assessors of taxes was taken from the town council and vested in the electors, as follows: "SECTION 1. The electors of the town of Cumberland qualified to vote for general state officers shall, at its annual district meetings to be holden on the first Monday of June in the year 1891, elect three assessors of taxes, one of whom shall hold said office for three years, another for two years, and another for one year. And shall annually thereafter elect one assessor of taxes, to hold said office for the term of three years."

By the provisions of chapter 959, Public Laws, passed April 30, 1891, it had already been provided that members of the school committee in the town of Cumberland should thereafter be elected by the people.

By the provisions of chapter 384, Public Laws, entitled "An

act dividing the town of Cumberland into four voting-districts and for other purposes," passed on January 31, 1896, the town was again divided into four voting-districts for the election of certain enumerated officers, not including the overseer of the poor, as follows: "SECTION 1. For the purpose of balloting for electors of president and vice-president of the United States, for representatives to the congress thereof, governor, lieutenant-governor, secretary of state, attorney-general and general treasurer of the state, a senator and representatives in the general assembly, town clerk, town treasurer, town council, assessors of taxes, justices of the peace, school committee and the district officers, the town of Cumberland is hereby divided into four voting-districts to be designated and bounded as follows, to wit:" . . .

The petitioner contends that the provisions of section 2 of chapter 385, *supra*, amend the special act of 1856, and provide that all "town officers" are to be elected by the people. We do not so construe the language of the act. By its title it simply purports to change the dates of holding town meetings in Cumberland, and we are of the opinion that the power thus given to elect town officers refers simply to the town officers theretofore provided by the act of 1856 and the supplementary acts relative to members of the school committee and to assessors of taxes. The enumeration of the specific officers to be elected by the people in the several acts dividing the town into voting-districts, which do not provide any method known to the law for the holding of elective meetings otherwise than by voting-districts, is clear evidence of the legislative intent in this respect. That such was the legislative intent is confirmed by an examination of the provisions of chapter 731, Public Laws, entitled ''An act in amendment of chapter 384 of the public laws, passed January 31, A. D. 1896, entitled 'An act dividing the town of Cumberland into four voting-districts, and for other purposes,' '' passed February 9, 1900, nearly four years after the passage of the act relied on by the petitioner, and is as follows: "SECTION 1. For the purpose of balloting for electors of president and vice-president of the United States,

for representatives to the congress thereof, governor, lieutenant-governor, secretary of state, attorney-general, and general treasurer of the state, a senator and representatives in the general assembly, town clerk, town treasurer, town council, assessors of taxes, school committee, and district officers, the town of Cumberland is hereby divided into five voting-districts, to be designated and bounded as follows, to wit:" . . . As in the original act of 1856, and in the subsequent act of 1896, provision is here again made for the election by the people of certain specified officers, not including overseer of the poor; nor is there any provision made for the holding of elective meetings in said town otherwise than as in said act provided, that is to say, by voting-districts. Indeed, instead of enlarging the number of offices to be filled by the people, this act restricts the number to be so elected by removing the office of justice of the peace therefrom.

We are accordingly of the opinion that the provisions of the act of 1856, *supra,* relative to the town of Cumberland in respect of the office of overseer of the poor, are still in force, that such officer in that town is still properly to be elected by the town council, and, consequently, that the petitioner is not entitled to have his name printed upon the official ballot to be used at the ensuing town election.

The petition for the writ of *mandamus* is denied and dismissed.

*Comstock & Canning, Jeremiah E. O'Connell,* for petitioner.
*Quinn & Kernan,* for respondent.